UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WAYNE DOUGLAS BUTTS, #331017,

        Petitioner,

v.                            ACTION NO. 2:04cv551

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner Wayne Douglas Butts ("Butts") was convicted for feloniously driving as an habitual offender in the Circuit Court for the City of Hampton on June 17, 2002 and he was sentenced to one year and six months in prison.

Butts appealed to the Court of Appeals of Virginia which rejected his claim on the merits on November 21, 2002. A three-judge panel of the Court of Appeals agreed with the reasoning in

the November 21, 2002 order and denied the petition for appeal on March 27, 2003.  On September 10, 2003, the Supreme Court of Virginia summarily denied the petition for appeal.

On February 13, 2004, Butts executed and then later filed a petition for a writ of habeas corpus in the Supreme Court of Virginia.  On August 17, 2004, the state court dismissed the petition in an order that explained its reasoning.

On September 15, 2004, while in the custody of the Virginia Department of Corrections at Powhatan Correctional Center in State Farm, Virginia, Butts filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On October 12, 2004, the respondent filed a Motion to Dismiss and Rule 5 Answer, accompanied by a brief in support.  Butts filed a response to the respondent's motion to dismiss on October 27, 2004.

On February 28, 2005, Butts was discharged from  the custody of the Virginia Department of Corrections after serving his sentence.

### B. <u>Grounds Alleged</u>

Butts now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254, for the reasons substantially as follow:

(a)   The evidence was insufficient to support the circuit court's rejection of the petitioner's claim of emergency use as a circumstance mitigating his sentence;

(b)   The trial court abused its discretion:

(1)   in withholding a finding on March 4,

2002, thereby allowing the Commonwealth to introduce improper evidence, i.e., the petitioner's prior record;

(2) in withholding a finding even though the court knew it had no discretion to do so;

(3) in withholding a finding on May 9, 2002, the hearing at which the Commonwealth named the petitioner's prior convictions;

(4) the prosecutor made a prejudicial statement that the petitioner's presentence report was "replete with information that basically he's telling the court and everybody else, I'm going to drive if I need to;"

(5) the court abused its discretion and prejudiced the petitioner, denying him due process;

(c) Ineffective assistance of counsel in that:

(1) counsel did not make the proper objections and allowed the court to withhold a finding until a presentence report was prepared;

(2) counsel reached "an understanding that no sentence would be imposed." The prosecutor "immediately went to the judge's chambers to discuss with him what went on" in violation of Rule 3A:8. The court participated and counsel made no objections to protect his client;

(3) counsel was under investigation by the Virginia State Bar during the petitioner's trial. The petitioner was not aware of this and would have asked to have the attorney removed had he known;

3

> (4) trial counsel was disbarred for unrelated reasons at the end of the petitioner's trial;
>
> (5) counsel's performance was deficient and permitted the petitioner to be denied the effective assistance of counsel under the United States Constitution.

Butts's habeas petition filed in the Virginia Supreme Court on September 15, 2004, asserted the same claims for relief as alleged in the instant petition.  That court found that: claim (a) could not be raised in state habeas  because it had been resolved on direct appeal; claims (b)(1)-(5) were procedurally defaulted; and claims (c)(1)-(5) were without merit.

## II. **ANALYSIS**

### A. **Mootness**

Article III, § 2 of the United States Constitution limits the subject matter jurisdiction of the federal courts to "cases and controversies."  See Spencer v. Kemna, 523 U.S. 1, 7 (1998).  A petitioner must continue to have a personal stake in the outcome of the lawsuit, so that actual or threatened injury is likely to be redressed by a favorable judicial decision.  Id. (citations omitted).  An incarcerated convict challenging the validity of his conviction always satisfies this requirement because his incarceration constitutes a concrete injury caused by his conviction.  Id.  Once the sentence has expired, however, "some 'collateral consequence' of the conviction,"  "some concrete and

4

continuing injury other than the now-ended incarceration," must exist for a case or controversy to remain.  Id.  The existence of collateral consequences is presumed for convictions.  Id. at 8, 10. Where a petitioner attacks his sentence only, and not the validity of the conviction, expiration of the sentence moots the case.  See Lane v. Williams, 455 U.S. 624, 631 (1982)

In this case, claim (a) concerns the court's discretion in suspending a sentence for a mitigating circumstance.  Butts claims that the circuit court erred in not suspending his sentence in whole or in part pursuant to Virginia Code § 46.2-357.  Virginia Code § 46.2-357(B)(2) provides that "the sentence, or any part thereof, may be suspended" when a habitual offender operates a vehicle because of an emergency.  See Long v. Commonwealth, 478 S.E.2d 324 (1996)(there can be no guilt-nullifying justification for an habitual offender; the defense of necessity is relegated to the punishment phase of habitual offender proceedings under Virginia Code § 46.2-357).  Thus, because the claim only attacks the petitioner's sentence, expiration of his sentence moots the claim.  Accordingly, the Court RECOMMENDS denying Butts's petition with respect to claim (a) as MOOT.[1]

---

[1]The Court notes that even if claim (a) had not become moot after the petitioner's release from incarceration, the Court would have recommended denying the petition with respect to claims (a). As discussed fully infra at II.C., a federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

(1) resulted in a decision that was

contrary to, or involved an unreasonable
application of, clearly established Federal
law, as determined by the Supreme Court of the
United States; or

(2) resulted in a decision that was based
on an unreasonable determination of the facts
in light of the evidence presented in the
State Court proceeding.

28 U.S.C. § 2254(d). The Supreme Court of Virginia found claim (a)
without merit on direct appeal. Because it summarily refused
Butts's petition for appeal, this Court looks to the disposition of
his petition in the Court of Appeals of Virginia as the last
reasoned state judgment on this claim. Ylst v. Nunnemaker, 501
U.S. 797, 803 (1991). The Court of Appeals rejected Butts's claim
on the merits and provided its reasoning for doing so.
Accordingly, this Court may not grant relief unless it determines
that the state court's decision on the merits was "legally or
factually unreasonable." See Bell v. Jarvis, 236 F.3d 149, 163
(4th Cir. 2000) (quoting Aycox v. Little, 196 F.3d 1174, 1178 (10th
Cir. 1999)).

The Court of Appeals of Virginia considered Butts's claim that
the circuit court erred in not suspending his sentence in whole or
in part pursuant to Virginia Code § 46.2-357(B)(2) for the
mitigating circumstance of emergency use of a motor vehicle. The
Court of Appeals quoted Valentine v. Commonwealth, 443 S.E.2d 445
(1994), that "it is well settled that when the maximum punishment
is prescribed by statute, 'and the sentence [imposed] does not
exceed that maximum, the sentence will not be overturned as being
an abuse of discretion.'" Id. at 448. Because the sentence imposed
was within the statutory range established in Virginia Code § 46.2-
357, the Court of Appeals held that it was within the circuit
court's discretion to weigh any mitigating factors and determine
whether Butts's driving constituted emergency use. This Court also
notes that Virginia Code § 46.2-357(B)(2) provides the trial court
discretion over suspension of the sentence: "in cases wherein such
operation is necessitated in situations of apparent extreme
emergency that require such operation to save life or limb, the
sentence, or any part thereof, may be suspended." (emphasis added).

Because the Court of Appeals of Virginia clearly articulated
the rationale behind its ruling, an independent review of the
record is not necessary. See Bell v. Jarvis, 236 F.3d 149, 163
(4th Cir. 2000). This Court may not grant relief on any claim
previously adjudicated on the merits in state court unless one of
the two statutory exceptions applies. There is nothing to suggest

Claims (b)(1)-(5) concerning the trial court's abuse of discretion and claims (c)(1)-(5) concerning ineffective assistance of counsel attack the petitioner's conviction. Thus, these claims are not moot.

## B. **Abuse of Discretion Claims**

Ordinarily, a federal court will not review a claim that is procedurally defaulted. See <u>Fisher v. Angelone</u>, 163 F.3d 835, 844 (4th Cir. 1998). A claim is procedurally defaulted where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule." <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). Notwithstanding procedural default, a federal court may review habeas claims where the petitioner can demonstrate cause for the default and actual prejudice as a result, or that failure to review the claims will result in a fundamental miscarriage of justice. <u>Id.</u>; <u>Thomas v. Davis</u>, 192 F.3d 445, 450 n.2 (4th Cir. 1999).

In claims (b)(1)-(5), Butts alleges that the trial court abused its discretion in multiple instances and that the prosecutor

---

that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts. On its face, the state court's rationale would appear to be consistent with <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979), which provides that credibility of witnesses is a matter exclusively for the trier of fact to determine. Therefore, this court would have recommended denying the petition with respect to claim (a) even if it had not become moot.

made prejudicial statements in violation of his Fourteenth Amendment due process rights. Citing Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974), the Supreme Court of Virginia found claims (b)(1)-(5) to be procedurally defaulted because they could have been raised at trial or on direct appeal. See id. at 682. The Fourth Circuit has expressly recognized "that the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997); see also Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998). Accordingly, claims (b)(1)-(5) are procedurally defaulted before this Court. Moreover, Butts has not established cause and prejudice or miscarriage of justice.[2] Therefore, this Court recommends denying the petition with respect to claims (b)(1)-(5).

### C. Ineffective Assistance of Counsel Claims

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[2] It is the petitioner's burden to raise these issues. See Burket v. Angelone, 208 F.3d 172, 183 n.10 (4th Cir. 2000); Wright v. Angelone, 151 F.3d at 160.

> (2) resulted in a decision that was based
> on an unreasonable determination of the facts
> in light of the evidence presented in the
> State Court proceeding.

28 U.S.C. § 2254(d).  In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000).  Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 387. Moreover, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be [objectively] unreasonable." Id. at 411.

Butts's claims (c)(1)-(5) allege ineffective assistance of counsel.  Specifically, Butts alleges that: (1) counsel did not make the proper objections and allowed the court to withhold a finding of guilt or innocence until a presentence report was prepared; (2) counsel did not object to the prosecutor's ex parte discussion with the judge after counsel reached "an understanding that no sentence would be imposed;" (3) counsel was under investigation by the Virginia State Bar during the petitioner's trial and (4) was disbarred for unrelated reasons at the end of the

9

petitioner's trial; and (5) counsel's "performance was deficient and allowed the petitioner to be denied the effective assistance of counsel."

The Supreme Court of Virginia rejected these claims on the merits, citing Strickland v. Washington, 466 U.S. 668 (1984). This Court held that these claims did not satisfy either the performance or the prejudice prongs of the two-part Strickland test. Accordingly, this Court may not grant relief unless it determines that the state court's decision on the merits was "legally or factually unreasonable."  See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000) (quoting Aycox v. Little, 196 F.3d 1174, 1178 (10th Cir. 1999)).

The Supreme Court of Virginia considered Butts's ineffective assistance of counsel claim regarding his counsel's failure to make "proper objections" and his counsel's failure to object to the court's withholding of a finding on guilt.  In doing so, the court noted that Butts did not allege any specific objections that counsel should have made other than objecting to the withholding of a finding of guilt.  The Supreme Court relied on the record, which indicated that the trial court noted that there was sufficient evidence to convict.[3]  The court also found that counsel made a

---

[3]The Court notes that Butts admitted to the arresting officer that he had been driving the car. (Jan. 28, 2002 Tr. at 14-15). The Court also notes that the order adjudicating Butts to be an habitual offender and two subsequent convictions for driving as a habitual offender were properly admitted as exhibits in the guilt phase of the trial. (Jan. 28, 2002 Tr. at 17-18).

reasonable strategic decision to permit the trial court to withhold its finding of guilt or innocence until it received a presentence report, which contained  information that could be considered in mitigating punishment.

The Supreme Court of Virginia considered Butts's ineffective assistance of counsel claim regarding his failure to object to the prosecutor's ex parte discussion with the judge after counsel reached "an understanding that no sentence would be imposed."  The Virginia Supreme Court found that the parties did not reach a plea agreement or informal "understanding" regarding the sentence.  In so finding, the court relied on the record, including an affidavit from the prosecutor that no such meeting occurred and the trial transcript indicating that Butts conferred with his attorney before offering a "no plea," interpreted as a "not guilty" plea, at his arraignment.  Therefore, there was no prosecutorial misconduct to which counsel could object.

The Supreme Court of Virginia considered Butts's ineffective assistance of counsel claim regarding his counsel's being investigated by the Virginia State Bar during the petitioner's trial.  Butts claimed that he would have asked that counsel be removed from his case had he known of the investigation.  The Virginia Supreme Court noted that Butts had identified no deficient performance or prejudice to him stemming from the investigation.

The Supreme Court of Virginia considered Butts's ineffective assistance of counsel claim regarding his counsel's being disbarred

for reasons unrelated to his case at the end of his trial.  The Virginia Supreme Court relied on United States v. Mitchell, 216 F.3d 1126, 1131-33 (D.C. 2000) in holding that the fact that an attorney is subsequently disbarred did not alone constitute grounds for habeas relief.  Specific acts or omissions  by counsel and actual prejudice were still required for the Virginia Supreme Court and Butts made no such allegations.

The Supreme Court of Virginia considered Butts's ineffective assistance of counsel claim that his counsel's "performance was deficient and allowed the petitioner to be denied the effective assistance of counsel."  The Virginia Supreme Court found Butts's claim to be without merit because it was conclusory.  The state court dismissed Butts's claim as not satisfying the requirements of Penn v. Smyth, 49 S.E.2d 600, 601 (1948) that the petitioner plead sufficient facts to support his claims.

Because the Supreme Court of Virginia clearly articulated the rationale behind its ruling, an independent review of the record is not necessary.  See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000).  This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies.  There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law.  On its face, the state court's rationale would appear to be a reasonable application of Strickland v. Washington, 466 U.S. 668

12

(1984), which provides the controlling standard in ineffective assistance of counsel claims. Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts. Therefore, this court recommends denying the petition with respect to claims (c)(1)-(5).

## C. **Conclusion**

Butts's current claim (a) is moot because it attacks his sentence only and Butts has been released from prison. Accordingly, the Court RECOMMENDS denial of claim (a).

The Supreme Court of Virginia found the claim set forth in Butts's current claims (b)(1)-(5) to be procedurally defaulted. That court's decision was based on an adequate and independent state ground, and Butts alleges no sufficient cause and prejudice or miscarriage of justice that would allow this Court to review the claims despite the procedural default. Accordingly, the Court RECOMMENDS denial of claim (b)(1)-(5).

The Supreme Court of Virginia adjudicated Butts's current claims (c)(1)-(5) on the merits. There is no indication from the record that this adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law, nor that it has resulted in a decision that was based on an unreasonable determination of the facts. Accordingly, the Court RECOMMENDS denial of claims (c)(1)-(5).

### III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that Butts's petition for writ of habeas corpus be DENIED, the respondent's motion to dismiss be GRANTED, and all of Butts's claims be DISMISSED WITH PREJUDICE.

The petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the petitioner is notified that:

1.  Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2.  A district judge shall make a de novo determination of

14

those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

ENTERED this 25th day of May, 2005.


                                              /s/
_____    _____
                              F. Bradford Stillman
                              United States Magistrate Judge

## <u>CLERK'S MAILING CERTIFICATE</u>

A copy of the foregoing Report and Recommendation was mailed

this date to the following:

Wayne Douglas Butts
946 Shore Drive
Newport News, Virginia 23607


John H. McLees
Senior Assistant Attorney General
900 E. Main Street
Richmond, Virginia 23219

                              Elizabeth H. Paret, Clerk



                    By: _____
                              Deputy Clerk

                              May     , 2005

16